CARROLL, Judge
(dissenting).
I respectfully dissent. In my opinion the appellants were shown to be qualified for promotion (without examination) to advancement to the classification of “detective,” or as now termed “police sergeant,” under the 1961 amendment to the civil service regulations relied on by them.[2]
The record adequately shows that the status of the appellants was as described in their complaint for declaratory decree filed November 14, 1963, as follows:
“That the Plaintiffs herein, as referred to above, had all held permanent status as Policemen First Class and, as such, were entitled to all the emoluments of said position. That in addition thereto, the Plaintiffs have all been allocated to a new or different classification, to-wit: Detective in the City of Miami Police Department, and that the said encumbents have been performing satisfactorily at the new or higher level, to-wit: that of Detective, for a period of four (4) years or more and have held permanent status in the previous classification. That the said Plaintiffs have appeared before the Civil Service Board of the City of Miami so as to receive their higher classification with permanent status under the Rules and Regulations of the City of Miami Civil Service Board, as hereinbefore referred to, under Ordinance No. 6945; however, the City of Miami Civil Service Board refused to take cognizance of its own Rules and Regulations presently in effect and declined to make Plaintiffs’ classification permanent as provided for in the said Civil Service Rules and Regulations.”
In the trial court certain policemen acting for themselves and for all other policemen as a class were permitted to intervene. The position taken by them was that the provision of the civil service regulations, for promotions to detective class by competitive examination should be followed exclusively, and, in effect, that the city should renounce and disregard its 1961 amenda-tory ordinance. Since the status of the appellant officers brought them within the terms of the amendatory ordinance, the refusal to apply it to appellants may have been influenced by the resistance of the many others not so specially qualified. Their opposition is understandable, but should in no sense serve to negative the enacted provision relied on by the appellants- or furnish a basis to deny its provisions- and benefits to those meeting its terms.
The contention of the city that appellants are not entitled to promotion as provided for in the 1961 amendment because their assignment was from “traffic uniform” to “criminal investigation” and did not contain the word “detective” or spell out the duties of detectives is without merit, and amounts to quibbling. The duty to which the appellant policemen were assigned or “allocated” as disclosed in the record was plain clothes duty in criminal investigation under *251 supervision of the chief of detectives. If that isn’t detective work, what is it?
The argument of the city that these policemen, after having served as detectives for more than four years, were not entitled to the benefits of the amendatory provision for promotion without examination because they were not “incumbents” of the higher level (detective) classification, but were only “allocated” to the higher classification, is fallacious. If they had become “incumbents” in the detective classification as the city contends and the chancellor held was necessary, that is, if they had become classified detectives, then they would already hold the office and not need to be promoted to it. But this argument that the appellants could not qualify under the amendment because they were not incumbents of the higher classification is without merit for another reason. A reading of the title and the first sentence of the amendatory provision (footnote No. 1) shows that the reference therein to “incumbent” is not to incumbency in the higher classification to which assigned but is to an incumbent of “an occupied position” who has been allocated to “a new or different class.” The language there refers to incumbents of one classified position being allocated to other (higher) positions. It would appear necessary to torture the wording of the amenda-tory provision to hold otherwise.
On reading the amendatory provision, including its title or heading, it seems clear that what was meant was that where an officer having permanent status as an incumbent of one classification “occupies” or •is “allocated” to a different or higher classified position, he will be qualified for promotion thereto without examination after satisfactory performance therein for a period of four years or more.
The appellants were negro police officers, classified as policemen first class. During the ten year period before the 1961 amendment was passed they were assigned or “allocated” to the higher class of plain clothes (detective) duty in criminal investigation, and served therein and "occupied” that a higher class more than four years. Certain of them took the competitive examination for promotion to detective classification when occasion permitted. None who sought promotion by such examinations was able to win over other white contestants.
In the case of Bloodworth v. Suggs, Fla.1952, 60 So.2d 768, it was held that certain patrolmen of the City of Miami who for a number of years had been assigned to plain clothes (detective) duty were not thereby entitled to promotion to the higher detective classification, except upon competitive examination as then solely provided for such promotion. In the Bloodworth case, decided in 1952, the Supreme Court pointed out that in the absence of a provision for promotion without examination for serving in a higher class for a number of years, nothing in the civil service rules prevented those officers from being reassigned to patrolmen duty; and the Court observed that the officers involved “failed to show that they have acquired any rights above and beyond those of other members of the police force,” and, therefore, for promotion to the higher classification in which they had served for some years would “have to take their chances with such other members.” Here, however, the officers seeking promotion without competitive examination have the benefit of the 1961 amendment to the civil service regulations which conferred additional rights on them as a result of their years of service in the higher level classification.
Upon adopting the amendment in 1961 the city was aware of its need for the services of negro detectives, as evidenced by its use of them in such capacity in the preceding decade; and knew from the case of Bloodworth v. Suggs, supra, that those negro patrolmen were not entitled to promotion to the higher classification, notwithstanding their years of service therein, except through competitive examination. The city further knew that those negro officers had demonstrated an incapacity to gain such *252 promotion by the competitive examination method; and the city was in a position to conclude it would be unfair or unreasonable to have such officers, classified as patrolmen, continue to serve for an extended period of years or indefinitely in the capacity of detectives without being entitled to the benefits and rewards for performance of duties in such higher classification. On considering those circumstances under which the amendment was enacted, it is not unreasonable to assume it was done principally to serve this very situation.
In now denying to appellants the benefit of the amendment, the city has treated it as though it could operate only prospectively, although it contains no such limitation. It would be naive to assume that in enacting the amendment in 1961 the city was unaware that the appellant officers were thereby given rights which entitled them to the promotion without examination. If it had been intended that those officers thus qualified for promotion under the terms of the amendment should not benefit therefrom, it would have been simple to include a provision excluding them. The failure of the city to so limit the amendment furnishes reason to assume it was intended they should benefit thereby. This is also borne out by the fact that in its operation in the future the amendment will benefit only those officers allocated to a higher level classification who deliberately are permitted by the city to so continue for four years or more. This so because at any time before one so serves for four years he can be reassigned to the lower level permanent classification of which he is an incumbent, and then will not be entitled to promotion to the higher classification except upon competitive examination. Bloodworth v. Suggs, supra.
Refusal of the city to promote the appellant officers under the ordinance or regulation in question amounts to withholding its application from the very class of persons (if not indeed actual ones) for whose benefit it was enacted, and in my view represents a gross injustice. For the reasons stated, I would reverse the judgment appealed from, and remand the cause with directions to enter a decree holding the appellants entitled to promotion under the civil service regulation involved.

. “Method of Qualifying Incumbents of Classified Positions Allocated to New or Higher levels: Whenever an occupied position has been allocated to a new or different class, the incumbent thereof shall be qualified for the new class in one of the following manners:
“a. If the incumbent has been performing satisfactorily at the new or higher level for a period of four (4) years or more and has held permanent status in the i>revious classification, he shall receive the new or higher classification with permanent status, without further examination * * * ”